**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **TERRY LYNN BARTON,** | § | |
| **PETITIONER,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 4:06-CV-799-Y** |
| | § | |
| **GINNY VAN BUREN, WARDEN,** | § | |
| **FMC-CARSWELL,** | § | |
| **RESPONDENT.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.     NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.     PARTIES**

Petitioner Terry Lynn Barton, Reg. No. 31044-013, is a federal prisoner who is confined in the Federal Medical Center-Carswell (FMC-Carswell) in Fort Worth, Texas.

Respondent Ginny Van Buren is Warden of FMC-Carswell.

**C.     PROCEDURAL HISTORY**

Barton is serving a 72-month term of imprisonment for her 2003 criminal convictions for Setting a Fire on Lands of the United States and Making a False Statement within the Jurisdiction

of the United States in the District of Colorado.  (Resp't Appendix at 4-5.)  Barton was arrested on

the  federal charges on June 16, 2002, and released on bond on June 27, 2002.  (*Id.* at 1.)  Conditions

of her release included residing in a community corrections center (CCC).  (*Id.* at 15-16.)  Barton

was released from the CCC to home confinement on September 17, 2002.  (*Id.* at 2; Pet'r Reply,

Exhibit entitled "Level System for Federal Residents.")  She pled guilty to the offenses and was

sentenced on February 21, 2003, and, on March 24, 2003, she voluntarily surrendered to FMC-

Carswell.  (Resp's Appendix at 2.)  Her projected release date is June 2, 2008.  (*Id.* at 19.)  Barton

sought credit for the time she spent in the CCC and home confinement from June 28, 2002, through

March 23, 2003, via the prison's administrative procedures to no avail.  (Petition, Exhibits A-C.)

This petition followed.

## D.    EXHAUSTION

Although Van Buren does not address the issue, it appears Barton has exhausted her

administrative remedies.  *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

## E.    DISCUSSION

Barton contends that she is entitled to time credit for the time she spent in the CCC and in

home confinement while released on pretrial bond and that she was not informed that time spent in

the CCC and home confinement would not be credited against her future sentences.

18 U.S.C. § 3585, entitled "Calculation of a term of imprisonment," determines when a

federal sentence of imprisonment commences and whether credit against that sentence must be

granted for time spent in "official detention" before the sentence began.  The Bureau of Prison's

interpretation of "official detention" for purposes of the statute does not include time spent in a CCC

or home confinement.  *See* Program Statement 5880.28, U.S. Department of Justice, Federal Bureau

of Prisons/Freedom of Information Act/Policy/Bureau Program Statements (policies), *available at* http://www.bop.gov.

Barton is not entitled to credit for the time she spent while released on bail in the CCC or on home confinement with electronic monitoring because she was not in "official detention" within the meaning of § 3585(b). *See Reno v. Koray*, 515 U.S. 50, 62-65 (1995); *United States v. Cleto*, 956 F.2d 83, 84- 85 (5th Cir. 1992); *Cucciniello v. Keller*, 137 F.3d 721, 723 (2[d] Cir. 1998); *Rodriguez v. Lamer*, 60 F.3d 745, 747-48 (11th Cir. 1995); *Randall v. Whelan*, 938 F.2d 522, 524 (4th Cir. 1991). Nor has she demonstrated an adequate factual basis for her second claim. Nevertheless, even assuming the veracity of Barton's allegation that she was uninformed regarding the consequences of her bail election, no due process violation is implicated. *See Nagib v. Conner*, 192 F.3d 127, 1999 WL 684168, at *2-3 (5th Cir. Aug. 13, 1999); *Cucciniello*, 137 F.3d at 722.

Barton claims that by disallowing credit for time spent in a CCC and home confinement to presentenced offenders, as opposed to postsentenced offenders assigned to a CCC or home confinement, violates her rights under the Equal Protection Clause. *See* 18 U.S.C. § 5C1.1. The Equal Protection Clause essentially requires that all similarly situated persons be treated alike. *City of Cleburne, Texas v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). A pretrial detainee, however, is not similarly situated to a sentenced prisoner. *Cucciniello*, 137 F.3d at 723; *Rodriguez*, 60 F.3d 748-49.

Finally, Barton claims that the Bureau's denial of presentence time credit presents a double jeopardy violation. The Double Jeopardy Clause protects against the imposition of multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). Barton offers no legal support for her contention, and none is found. Nevertheless, double jeopardy

3

principles do not require offering sentencing credits for time spent on pretrial bond in a CCC or home confinement because, although restrictive, such release is not a punishment.  Persons who are released under restrictive conditions pending their trial or their sentencing are not being punished; the restrictive release conditions imposed upon these defendants are merely designed to ensure their later appearance in court and to safeguard the community.  *See* 18 U.S.C. § 3142(c).

## II.  RECOMMENDATION

Based on the foregoing, it is recommended that Barton's petition for writ of habeas corpus be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 15, 2007.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 15, 2007, to

serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions, and recommendation.  It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing

date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby

is returned to the docket of the United States District Judge.

SIGNED May 25, 2007.


_____/s/   Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE